UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ERIC T. GILLARD, SR. | CIVIL ACTION |
| VERSUS | NO. 07-1764 |
| STATE FARM FIRE & CASUALTY COMPANY | SECTION "C" (2) |

ORDER AND REASONS

This matter comes before the Court on order to show cause why this matter should not be remanded to state court for lack of subject matter jurisdiction.  Having reviewed the record, the memoranda of counsel and the law, the Court has determined that remand is appropriate for the following reasons.

The plaintiffs' suit seeks damages for unpaid Katrina-related damages allegedly owed under a homeowners policy issued by the defendant.  After being severed from another removed matter, the plaintiff filed an amended petition in this matter in which they state that the jurisdictional amount is not present for diversity purposes and in which she waives "the right to seek any judgment in excess of $75,000.00" and that they seek a declaration that the defendant owes the plaintiff the full policy limits of $187,200.00.  (Rec. Doc. 1, p. 9, ¶ XX).  The plaintiffs also state that they submitted to the defendant an estimate in the amount of $30,709.57, and received payment in the total

amount of $9,481.40.  (Rec. Doc. 1, pp. 6-7, ¶ X & XV).

With regard to the existence of the jurisdictional minimum, the parties may neither consent to nor waive federal subject matter jurisdiction.  <u>Simon v. Wal-Mart Stores, Inc.</u>, 193 F.3d 848 (5th Cir. 1999).  Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction.  <u>Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.</u>, 988 F.2d 559 (5th Cir. 1993), <u>cert. denied</u>, 114 S.Ct. 685 (1994).  Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this.  <u>Id.</u>; <u>Luckett v. Delta Airlines, Inc.</u>, 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. <u>Id.</u>  This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  <u>Id.</u>  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  <u>St. Paul Mercury Indemnity Co. v. Red Cab Co.</u>, 303 U.S. 283, 287, fn. 10 (1938), <u>citing</u>, <u>McNutt v. General Motors Corp.</u>, 298 U.S. 178, 182-189

(1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

The defendant argues that it has established the existence of the jurisdictional minimum necessary for diversity jurisdiction and that the plaintiffs have not sufficiently renounced their right to accept a judgment in excess of the jurisdictional minimum. Although the issue presented is close, the Court finds that defendant has not met its burden of showing that the jurisdictional amount is facially apparent or otherwise exists. In so ruling, the Court construes the plaintiff's stipulation as "binding" for purposes of La. Code Civ. P. art. 862, and finds that it is otherwise significant evidence of the amount in controversy for present purposes.[1]

Based on the record and the law, the Court finds that the defendant has not established subject matter jurisdiction. In addition, the Court is mindful that removal jurisdiction is strictly construed. See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*,

---

[1] For purposes of clarification, the Court has consistently construed this stipulation in this way for purposes of Article 862, and to that extent, disagrees with Judge Vance's opinion in Crosby v. Lassen Canyon Nursery, Inc., 2003 WL 22533617 (E.D.La.).

§3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

IT IS ORDERED that this matter be and hereby is REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1147(c).

New Orleans, Louisiana, this 23rd  day of May, 2007.

                                            HELEN G. BERRIGAN
                                            UNITED STATES DISTRICT JUDGE